# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

Chad Wayne Sissell, )
 )
         Plaintiff, )
 ) Case No. 3:11-cv-84
    vs. )
 ) **ORDER**
City of Jamestown and County of Stutsman, )
 )
         Defendants. )

Plaintiff Chad Wayne Sissell ("Sissell"), who is proceeding *pro se*, submitted for filing an application to proceed *in forma pauperis* ("IFP") and a proposed complaint. The court granted Sissell's motion to proceed IFP. Under 28 U.S.C. § 1915(e)(2), the court may *sua sponte* review an IFP complaint and dismiss the action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

In Sissell's complaint he states he is seeking monetary damages against the defendants for three officers' use of excessive force and for Sissell's unlawful arrest. Sissell avers that the court has jurisdiction because of the "Tort of Intentional Infliction of Emotional Distress." Despite Sissell's misstatement as to the court's basis for jurisdiction, the facts potentially give rise to a civil rights claim pursuant to 42 U.S.C. § 1983.

To establish a claim under 42 U.S.C. § 1983, Sissell must allege the defendants deprived him of a constitutional right, and that the defendants acted under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Sissell does not name the officers in their individual or official capacities as defendants. Instead, he seeks relief from the City of Jamestown and Stutsman County. "When a plaintiff is seeking to impose section 1983 liability on a local government body, the plaintiff must show that there is an official policy or a

widespread custom or practice of unconstitutional conduct that caused the deprivation of a constitutional right." Marksmeier v. Davie, 622 F.3d 896, 902 (2010) (citing Monnell v. Dep't of Social Servs., 436 U.S. 658, 690-91 (1978)). At this time, Sissell has failed to sufficiently allege a claim that would entitle him to relief. Pro se complaints are to be construed liberally, but "they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 264 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Given the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and the fact that Sissell is proceeding *pro se*, the court will allow Sissell an opportunity to amend his complaint to specifically address the deficiencies identified above. It is **ORDERED** that Sissell shall have until December 9, 2011 to file an amended complaint, which the court will then review under 28 U.S.C. § 1915(e)(2). If Sissell does not file an amended complaint by December 9, 2011 his complaint may be dismissed.

Dated this 5th day of October, 2011.

                                            /s/ *Karen K. Klein*
                                            Karen K. Klein
                                            United States Magistrate Judge